IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:20-cr-193 (LMB) |
| | ) | |
| PETER RAFAEL DZIBINSKI DEBBINS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Acting pro se, defendant Peter Rafael Dzibinski Debbins ("defendant" or "Debbins") has filed multiple post-conviction and often duplicative unresolved motions, including four motions to appoint counsel, one of which has been resolved. [Dkt. Nos. 79, 113, 116, and 140]. On August 26, 2022, Judge Claude M. Hilton[1] denied the first request in a carefully reasoned opinion, which cited to defendant's educational background as well as the fact that there is no right to court-appointed counsel to assist with collateral proceedings. [Dkt. No. 87]. Because all of defendant's subsequent requests for counsel are improper and repetitive motions for relief previously denied, they will be denied for the same reasons explained in Judge Hilton's order.

On August 25, 2022, Debbins filed a Motion to Vacate under 28 U.S.C. § 2255 ("§ 2255 Motion"). After the government filed an opposition, [Dkt. No. 103], to which Debbins replied, [Dkt. No. 108], Judge Hilton denied the § 2255 Motion by a detailed memorandum opinion issued on April 13, 2023. [Dkt. Nos. 111 and 112]. Debbins did not appeal that decision. Instead, on November 9, 2023, he filed a Motion for Extension of Time in which to file a Fed. R. Crim. P. 33 motion for a new trial on the basis on newly discovered evidence. [Dkt. No. 117].

---

[1] Judge Hilton retired in October 2025 before resolving Debbins' motions. This case was randomly reassigned to the undersigned judge on February 3, 2026.

Although the allegedly new evidence appears to be related to Debbins' claim of having been incompetent to enter his guilty plea, the motion lacks specific details. As with many of the motions filed, this one has not been resolved; however, because the issue of defendant's mental competency was fully considered and rejected by Judge Hilton when he denied defendant's § 2255 Motion, defendant's motion for a new trial will be denied as will his motions to supplement the § 2255 Motion and to dismiss the government's response to his § 2255 Motion. See [Dkt. Nos. 118, 122, and 134].

Both parties filed motions to seal various documents containing mental health information as well as national security information, which qualify for sealing. [Dkt. Nos. 119, 121, 123, 125, 132 and 147]. Because the Clerk's Office filed the requested documents under seal, these motions will be denied as moot.

The remainder of the pending motions focus on one common theme—Debbins' effort to have his sentence reduced to time served.

I.

On November 18, 2020, Debbins, who was represented by two retained counsel, pleaded guilty under a written plea agreement to being part of a conspiracy to gather and deliver defense information to aid a foreign government, in violation of 18 U.S.C. § 794(a) and (c). During his plea, Debbins admitted that over the 14 years he served in the United States Army, including while he was a captain in the elite Army Special Forces, he provided Russian intelligence agents with classified national defense information, including information about Special Forces deployments—a disclosure that threatened serious damage to U.S. national security. Debbins

was sentenced on May 14, 2021,[2] to 188 months' incarceration with credit for time served since August 21, 2020, the day he was arrested, and five years of supervised release, among other penalties.

At the sentencing hearing, Debbins' attorneys requested a below Guidelines sentence and the government sought a 17-year sentence of incarceration. The Guidelines, which the Court found were based on a criminal history category I (defendant had no prior convictions) and an offense level 36 (derived from a base offense level 37 because no Top Secret information was revealed, which was increased by two points for abuse of a position of trust and decreased by three points for acceptance of responsibility), resulted in a range of 188 to 235 months' incarceration. The sentence imposed was at the lowest level of the Guidelines range.

Although defendant had waived his right to appeal in his plea agreement, [Dkt. No. 34] at 4, on May 26, 2022, he filed a notice of appeal, which he voluntarily dismissed two days later on May 28, 2022. [Dkt. Nos. 71 and 72]. After Debbins' counsel were granted leave to withdraw from representing him, Debbins began filing his post-conviction motions.

II.

On September 10, 2024, Debbins filed a Motion Pursuant to Section 1B1.3 of the U.S. Sentencing Guidelines arguing that, in light of the Supreme Court's decision in McClinton v. United States, __ U.S. __, 143 S. Ct. 2400 (2023), acquitted conduct cannot be used in determining the offense level. [Dkt. No. 134]. He then argues in an attached "sworn certification" that he was "absolutely innocent" of the conduct used to enhance his sentence and that he "was never (emphasis added) in a conspiracy from in or about 2010 and until [his] arrest

[2] Although the sentence was announced in open court on May 14, 2021, [Dkt. No. 61], the Judgment Order issued on May 17, 2021, [Dkt. No. 63].

on or about 2020." [Dkt. No. 135] at 2. That motion has no merit because there were no enhancements made to his offense level when the Guidelines were calculated other than the two-point increase under U.S.S.G. § 3B1.3 for abuse of a position of trust. To the extent Debbins is arguing that he is innocent of the entire offense, a motion citing § 3B1.3 is not the appropriate means for challenging his conviction. For this reason, the motion will be denied.

On February 24, 2025, Debbins filed a Motion to Reduce Sentence based on a 2023 change to how offense levels are determined for certain defendants with no criminal history points. Specifically, Debbins argues that he is entitled to have his sentence reduced pursuant to U.S.S.G. § 4C1.1, which reduces offense levels by two levels for qualifying defendants. Because Debbins had no criminal history when he was sentenced and none of the aggravating factors apply, he is eligible for a two-level reduction to the offense level that was used when he was sentenced; however, that eligibility does not support reducing defendant's sentence, let alone reducing it to time served, which is what Debbins seeks. [Dkt. No 140] at 4.

In considering whether to reduce a sentence that is eligible for review under a Sentencing Commission change to how the Guidelines are to be calculated, the Court must consider whether the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Having considered this record and the § 3553(a) factors, the Court will deny a sentence reduction for several reasons. First, the original sentence of 188 months' incarceration still falls

within the revised Guidelines range even with the two-level reduction to Debbins' offense level because an offense level 34 and criminal history category I yields a Guidelines range of 151 to 188 months' incarceration. Second, given Debbins' multiple post-conviction pleadings in which he denies being guilty of the charge for which he was convicted, he would no longer be eligible for the three-level acceptance of responsibility reduction to the offense level that he received. Without that reduction, the offense level, even with the two-level reduction under U.S.S.G. § 4C1.1, would be 37 with a resulting Guidelines range of 210 to 262 months' incarceration.

As for the § 3553(a) factors, a sentence reduction would not reflect the seriousness of the offense, which involved more than a decade of illegally disseminating sensitive national security information, including the identities of Special Forces personnel, to Russian intelligence agents. A reduction would not promote respect for the law, provide just punishment for defendant's conduct, and serve as an effective deterrence to others who might be tempted to consider illegally assisting foreign intelligence officials. Lastly, defendant's refusal to acknowledge his culpability undercuts any equitable basis to reduce his sentence.

III.

For all the reasons discussed in this Order, all pending motions in this case are DENIED, and it is hereby

ORDERED that defendant be and is ENJOINED from filing any more letters or motions in this case except for a Notice of Appeal of this decision.[3]

---

[3] There was some indication in the file that defendant attempted to submit what might be construed as a second or successive motion under 28 U.S.C. § 2255. Defendant is advised that any such motion cannot be filed in this court unless defendant has first received authorization from the U.S. Court of Appeals for the Fourth Circuit to file a second or successive motion. If he receives such authorization, he may file a new § 2255 motion.

To appeal this decision, defendant must file a written notice of appeal with the Clerk of the Court within 14 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the U.S. Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives defendant's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record, defendant Peter Rafael Dzibinski Debbins, pro se, and the U.S. Probation Office.

Entered this 17th day of March, 2026.

Alexandria, Virginia

/s/ LMB
Leonie M. Brinkema
United States District Judge